# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


ELIZABETH M. BRYANT,

                Plaintiff,

     v.                              CASE NO. 10-3185-SAC

DONALD ASH, et al.,

                Defendants.


### O R D E R

This matter comes before the court on a complaint filed pro se by a prisoner confined in the Wyandotte Adult Detention Center in Kansas City, Kansas, seeking relief under 42 U.S.C. § 1983. Also before the court is plaintiff's motion for leave to proceed in forma pauperis in this civil action.

*In Forma Pauperis - 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. See 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date

of filing of a civil action.

Having considered the financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening the Complaint – 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this action, plaintiff seeks relief on broad allegations of being denied adequate time outside her cell, and adequate access to the library for legal research. She further claims no gluten free diet is provided at the facility, and states she is persecuted and treated differently because of her diet and her complaints. Plaintiff also states there are many other cruel and inconsistent policies and procedures that will be added once identified with the help of an attorney. On these allegations, the court finds the complaint is subject to being summarily dismissed as stating no claim upon which relief can be granted under § 1983.

To the extent plaintiff alleges non-adherence to facility policies and regulations, such allegations present no basis for relief under § 1983. See *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995)(prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates"); *Jones v. City & County of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir.1988)(§ 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law).

To the extent plaintiff suggests the conditions of her confinement impermissibly infringe on her right of access to the courts or to not be subjected to cruel and unusual punishment, her allegations are conclusory at best, and fail to state any claim of

constitutional significance.

In particular, the court finds plaintiff identifies no actual prejudice to support any claim of being denied access to the courts. See *Lewis v. Casey*, 518 U.S. 343, 349–55 (1996). The alleged restriction on plaintiff's time outside her cell or in exercise falls far short of establishing a plausible claim of being subjected to cruel and unusual punishment. See *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir.2006). And plaintiff's bare reference to the unavailability of a gluten free diet is not supported by any allegation that plaintiff has a demonstrated or documented medical need for such a diet, or any significant deprivation of adequate food. See *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir.2002).

Additionally, plaintiff does not allege the personal participation of each individual defendant in the claimed violations of her constitutional rights. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008)(personal participation is an essential allegation in stating a claim under § 1983). Nor does plaintiff identify any action by the private corporate defendants to violate plaintiff's rights pursuant to an official policy or regulation. See *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003)(cataloguing circuit court cases applying *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978), to private entities). Plaintiff is further advised that the Wyandotte Sheriff's Department is not an entity capable of being sued. *Wright v. Wyandotte County Sheriff's Department*, 963 F.Supp. 1029, 1034 (D.Kan.1997). And the Wyandotte County Public Defender Office, apparently operating as an arm of the state rather

than the county, is not a "person" amendable to suit under § 1983. *McLaughlin v. Board of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000).

Absent a timely amendment of complaint to cure these identified deficiencies,[1] the complaint will be dismissed as stating no claim for relief, and without further prior notice to plaintiff.

*Pending Motions*

By separate motions plaintiff requests appointment of counsel, seeks a court order to compel the facility to provide a minimum of fifteen hours per week to plaintiff in the Wyandotte County Law Library until counsel is appointed, and identifies a sweeping list of documents to be produced for her inspection. These motions are denied.

Plaintiff has no right to the assistance of counsel in this civil action. *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir.1989). The court finds the facts and legal issues associated with plaintiff's claims do not warrant the appointment of counsel at this time. Nor does the court find any clear and unequivocal showing warranting the extraordinary relief plaintiff seeks in her motion for a preliminary injunction. See *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir.2003). Plaintiff's demand for production of documents for inspection is premature at best, and this demand for discovery can be renewed if the court finds plaintiff has sufficiently alleged a cognizable constitutional claim against an appropriate defendant. See also *Ashcroft v. Iqbal*,

---

[1]Plaintiff is advised the amended complaint must be submitted on a court approved form complaint. *See* D.Kan. Rule 9.1(a). The amended complaint will supercede the original complaint, and thus must include all claims against all defendants.

__U.S. ___, 129 S. Ct. 1937, 1950 (2009)(liberal pleading standard under federal rules "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to amend the complaint to avoid dismissal of this action as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motions to compel (Doc. 4), for appointment of counsel (Doc. 5), and for the production of documents (Doc. 6) are denied without prejudice.

A copy of this order is to be provided to plaintiff, and to the finance officer where plaintiff is currently confined. The clerk's office is to provide plaintiff with a form complaint for filing under 42 U.S.C. § 1983, for plaintiff to use if filing an amended complaint.

**IT IS SO ORDERED.**

DATED:  This 10th day of November 2010 at Topeka, Kansas.


                         s/ Sam A. Crow
                         SAM A. CROW
                         U.S. Senior District Judge